UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAISY GARZA,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAMO INTERMEDIATE II HOLDINGS, LLC,<br><br>        Defendant. | Case No. 23-cv-05849-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

    The motion to dismiss is granted. This ruling assumes that the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

    1. Garza's claim under section 1799.3 of the California Civil Code is dismissed. A movie theater operator like Alamo does not provide "video recording sales or rental services" because, as Garza acknowledges, Alamo neither sells nor rents movies to people who visit its theaters.

    2. The Video Privacy Protection Act claim is dismissed because a movie theater operator like Alamo is not a "video tape service provider" under the statute. *See* 18 U.S.C. § 2710(a)(4). Again, Alamo does not rent or sell movies to moviegoers. Nor does it "deliver" movies to people who visit its theaters. "Delivery" usually refers to the act of "bringing" something to a particular person or place. *See CFTC v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019) (quoting Black's Law Dictionary (9th ed. 2009)). But movie theaters do not "bring" movies to any person or place—people go to the movies, not the other way around.

    Garza offers two other ways of thinking about "delivery" under the statute, but neither works. She first defines "delivery" as the act of "sending something to an intended destination"

(the same way a pitcher might deliver a fastball). But this definition also does not cover movie theaters—it would be quite a stretch to say that movie theaters "send" movies by projecting them onto a screen. Garza next argues that the statute sweeps in any business that provides access to audiovisual content, because "delivery" is a catch-all term that refers to the act of "producing a promised result" (the same way a quarterback might "deliver" in the clutch). But that is not what "delivery" usually means. And it is surely not what "delivery" means in this context—the statute refers to the delivery of a specific kind of good ("audiovisual materials"), not the delivery of a result or outcome. *See Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1161 (9th Cir. 2023) (requiring strong evidence that Congress meant to use an "idiosyncratic" definition).

      3. Garza's claims are dismissed without leave to amend, because the statutes simply do not cover what movie theaters typically do and no amendment could fix that problem.[1]

      **IT IS SO ORDERED.**

Dated: March 19, 2024

                                            VINCE CHHABRIA
                                            United States District Judge

---

[1] When asked at the hearing whether dismissal should be with leave to amend, Garza's counsel all but conceded that any amendment would be futile. He noted only that Alamo also used to run a streaming service, which could involve the rental, sale, or delivery of movies. *See In re Vizio, Inc., Consumer Privacy Litigation*, 238 F. Supp. 3d 1204, 1221–22 (C.D. Cal. 2017). But none of the misconduct alleged in the complaint has to do with Alamo's streaming service. And Garza's counsel acknowledged at the hearing that Garza never used the streaming service.